# IN THE SUPREME COURT OF IOWA

No. 19–1407

Filed May 22, 2020

**JOHN DOE,**

Plaintiff,

vs.

**STATE OF IOWA,**

Defendant.

---

Certiorari to the Iowa District Court for Polk County, William A. Price, District Associate Judge.

Petitioner seeks review of a district court order denying his application for expungement of the record of a criminal case. **WRIT SUSTAINED AND CASE REMANDED.**

Andrew Duffelmeyer (until withdrawal) and Robert J. Poggenklass (until withdrawal), and Alexander Vincent Kornya of Iowa Legal Aid, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Louis S. Sloven, Assistant Attorney General, and John P. Sarcone, County Attorney, for appellee.

**PER CURIAM.**

In 2000, John Doe was charged with escape, in violation of Iowa Code section 719.4 (2001). The charge was subsequently dismissed. In 2019, Doe filed an application for expungement of the record in this case pursuant to Iowa Code section 901C.2 (2019). The district court denied Doe's application for expungement on the ground Doe had court-ordered financial obligations in other cases. Doe timely filed his notice of appeal, which we choose to treat as a petition for writ of certiorari. *See* Iowa R. App. P. 6.107(1)(*a*) ("Any party claiming . . . an associate district court judge . . . acted illegally may commence an original certiorari action in the supreme court by filing a petition for writ of certiorari as provided in these rules."); *State v. Propps*, 897 N.W.2d 91, 97 (Iowa 2017) ("Additionally, if a case is initiated by a notice of appeal, but another form of review is proper, we may choose to proceed as though the proper form of review was requested by the defendant rather than dismiss the action.").

In *State v. Doe*, ___ N.W.2d ___, ___ (Iowa 2020), filed today, we held the requisite condition for expungement set forth in section 901C.2(1)(*a*)(2) requires the defendant establish only that he or she satisfied all of the court-ordered financial obligations in the criminal case in which the application for expungement was filed and for which expungement was sought. Here, the district court erred in concluding section 901C.2(1)(*a*)(2) required the defendant to establish he also satisfied all court-ordered financial obligations in other cases. For the reasons set forth in *Doe*, ___ N.W.2d at ___, we grant Doe's petition, sustain the writ, vacate the district court's order denying Doe's application for expungement, and remand this matter for further proceedings.

**WRIT SUSTAINED AND CASE REMANDED.**

All justices concur except Appel, J., who concurs specially, and McDermott, J., who takes no part.

This opinion shall not be published.

**APPEL, Justice (concurring specially).**

In *Doe v. State,* No. 19–1402, ___ N.W.2d ___, ___ (Iowa 2020) (Appel, J., concurring), filed today, I articulate in greater detail my reasons for concurring in the majority's opinion.  While I reach the same conclusion as the majority does, I arrive at our shared conclusion through the application of a host of tools of interpretation, rather than overreliance on textualism.  Judges possess many tools through which we may divine the most correct interpretation of the law.  Therefore, while I join the majority's conclusion, I wish to bring the reader's attention to alternative manners of thoughtful adjudication, in both this and other matters.